IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jeremy Renard Webb, | ) | C/A No. 8:25-cv-01530-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Shannon Odom, Kevin Durham, Public Defender: Mrs. Caroline Newton, Pickens County Sheriffs Office, Officer: Jesse Whitelock, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of his constitutional rights. ECF No. 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On April 16, 2025, the Magistrate Judge issued a Report recommending that this action be summarily dismissed. ECF No. 15. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections. ECF Nos. 17.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal because Defendant Newton is a public defender and not a state actor, Defendant Odom is entitled to prosecutorial immunity, Plaintiff has failed to state a plausible claim for relief as to Defendants Whitelock and Durham, and the Pickens County Sheriff's Department is not a person amenable to suit. ECF No. 15. As stated above, Plaintiff filed objections. ECF No. 17. Because Plaintiff filed objections, the Court's review has been de novo.

In his objections Plaintiff does not directly address the Magistrate Judge's recommendations. He reasserts that a person he believes was impersonating Defendant Newton, his assigned public defender at the time, came to visit him in December 2024. He requests that the Court subpoena the video from that interaction and states that he

believes his life is in danger. He contends that he has been denied equal protection under the law.[1] Plaintiff then proceeds to a discussion of the Webb telescope and his involvement with National Geographic. He asserts that he has "a 'rare DNA' one that nobody will never have or never walked the face of this Earth." ECF No. 17 at 3. He contends that he has "a 'certain' ray in [his] eye [that can] open up the whole of the world." *Id.* Plaintiff further contends that people have been following him without his consent and without providing him compensation. Finally, he asserts that he is being held unlawfully.

As stated above, the Court has reviewed the record, the Report, and the applicable law de novo. Upon such review, the Court agrees with the recommendations of the Magistrate Judge.

## **CONCLUSION**

Accordingly, the Court adopts the Report. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to further amend.

IT IS SO ORDERED.

---

[1] Plaintiff also mentions that Defendant Whitelock would not mail his amended complaint to the Court. ECF No. 17 at 2. To the extent he is alleging that he has been denied access to courts, his claim fails. To succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access"). Here, there is no indication that Plaintiff has suffered a specific injury. Indeed, he was able to mail the amended complaint and it was reviewed by the Magistrate Judge and the undersigned. Accordingly, any claim for denial of access to courts fails.

                                               s/ Donald C. Coggins, Jr.
                                               United States District Judge

May 30, 2025
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.